**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41594**

| | |
|---|---|
| STATE OF IDAHO, | ) 2015 Opinion No. 10 |
| | ) |
| Plaintiff-Respondent, | ) Filed: February 25, 2015 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| ANGELA MARIE BOEHM, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John R. Stegner, District Judge; Hon. Scott Wayman, Magistrate.

Order of the district court affirming magistrate's orders denying motion to sever, motion to withdraw guilty plea, and motion in limine, <u>affirmed</u>.

John Adams, Kootenai County Public Defender; Jay W. Logsdon, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

KIDWELL, Judge Pro Tem

Angela Marie Boehm was involved in a two-vehicle accident that resulted in her being cited for driving under the influence and driving without privileges. She later entered a conditional guilty plea to driving under the influence and driving without privileges, reserving the right to appeal the denial of certain pretrial motions in the magistrate division. Boehm then moved the magistrate to withdraw her guilty plea, which the magistrate denied, and Boehm appealed to the district court. The district court affirmed. Boehm now appeals from the district court's order affirming the magistrate's decisions. For the reasons that follow, we affirm.

1

## I.

## FACTS AND PROCEDURE

A Coeur d'Alene Police Department officer was on patrol one night in January 2013 when he came upon a two-vehicle accident involving Boehm and another motorist. The officer observed that Boehm, who was standing outside her car, was on her cell phone and was slurring her words and swaying back and forth while speaking on the phone. When the officer attempted to speak with Boehm, she turned away from him. In addition, the officer smelled the odor of alcohol emanating from Boehm. After the officer directed Boehm to end her phone call, Boehm informed the officer that she had slid through a stop sign and that her car was struck by the other motorist. In response to a question from the officer, Boehm also informed the officer that she had one drink approximately three hours before the crash.

The officer had Boehm perform field sobriety tests, which she failed, and the officer took Boehm into custody. Boehm was then transported to the Kootenai County Public Safety Building for the purpose of conducting breath alcohol tests. There the officer observed Boehm for the required observation period, provided her with the administrative license suspension form, and read a second form to her. After informing the officer that she understood her rights and initialing a document, Boehm provided two breath test samples. The results of the breath tests were alcohol concentrations of 0.192 and 0.183. Subsequently, the officer also learned that Boehm's driver license was suspended in Washington. Boehm was then issued misdemeanor citations for driving under the influence and driving without privileges.

During the pretrial phase in the magistrate division, Boehm filed a motion to sever, a motion in limine to exclude evidence of the breath test results, and a motion to compel the city prosecutor to turn over certain documents. The magistrate denied the motion to sever and motion to compel, and "denied" the motion in limine, explaining that it would defer ruling on that motion until trial. Boehm then entered a conditional guilty plea, preserving her right to appeal the magistrate's decisions on the three motions. Prior to sentencing, the United States Supreme Court released *Missouri v. McNeely*, ___ U.S. ___, 133 S. Ct. 1552 (2013), and Boehm filed a motion to withdraw her conditional guilty plea, asserting that *McNeely* had impacted Idaho's implied consent statute. The magistrate denied Boehm's motion to withdraw her guilty plea.

2

Boehm appealed to the district court, challenging the magistrate's denial of the three motions prior to the guilty plea and the denial of the motion to withdraw the guilty plea. Following a hearing, the district court affirmed the magistrate's decisions. Boehm appeals from the district court's order affirming the magistrate's decisions.

## II.

## STANDARD OF REVIEW

When reviewing the decision of a district court sitting in its appellate capacity, our standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions following therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, we do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or dismiss the decisions of the district court. *Id*.

## III.

## ANALYSIS

Boehm contends that the district court erred by affirming the decisions of the magistrate. Specifically, Boehm argues (1) that joinder would have resulted in unfair prejudice at trial, and thus the magistrate should have granted the motion to sever; (2) that the prosecutor violated Boehm's right to due process and right to effective assistance of counsel by not seeking out evidence and by refusing to provide copies of certain documents to Boehm; (3) that the magistrate should have granted the motion in limine, because it involved a question of law; and (4) that *McNeely* changed Fourth Amendment jurisprudence, specifically impacting Idaho's implied consent statute, and provided a just reason for withdrawing Boehm's plea. We address these issues in turn.

A.    **Motion to Sever**

In the magistrate division, Boehm filed a motion to sever the driving under the influence charge from the driving without privileges charge. *See* Idaho Criminal Rule 14. In that motion, Boehm contended that there was a risk that the jury, if it found that Boehm had driven a vehicle

3

without privileges, would find that she "would also be the type of person who would drive while intoxicated." *See State v. Abel*, 104 Idaho 865, 868, 664 P.2d 772, 775 (1983) ("The risk is that the jury may conclude that the defendant while not guilty of the specific charged offense is a bad person and will reach a guilty verdict on that basis."). At the hearing, the magistrate denied the motion to sever, explaining that the joinder of the offenses would not prejudice the ability of the defense to defend either charge. In addition, the magistrate commented that the jury would be instructed to consider each count separately. The district court affirmed without explanation.

On appeal, Boehm reiterates her argument that there is a risk that the jury will believe that one crime is proof of the other, based upon the type of person Boehm is.[1] The State argues that Boehm has not demonstrated prejudice from the joinder.

### 1.    Standard of review

Although Boehm initially asserted that the magistrate and district court applied the incorrect standards of review, Boehm conceded in her reply brief that a motion to sever is committed to the trial court's discretion. *State v. Tankovich*, 155 Idaho 221, 227, 307 P.3d 1247, 1253 (Ct. App. 2013). Thus, we review the denial of a motion to sever for an abuse of discretion. *Id.* When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Dambrell*, 120 Idaho 532, 537, 817 P.2d 646, 651 (1991); *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). The inquiry on appeal is whether the defendant presented facts demonstrating that unfair prejudice would have resulted from a joint trial. *See Tankovich*, 155 Idaho at 227, 307 P.3d at 1253.

### 2.    Unfair prejudice

In considering whether there is a risk that the jury may find the defendant is "a bad person and . . . reach a guilty verdict on that basis," the Idaho Supreme Court has examined whether the evidence of each of the counts, if the counts had been tried separately, would have been admitted at the different trials. *Abel*, 104 Idaho at 868, 664 P.2d at 775 (applying the

---

[1]    Boehm does not argue that the initial joinder was improper, as a matter of law, under Idaho Criminal Rule 8(a).

analysis used by federal circuits). However, even if the separate evidence would not be admissible in the different trials, federal and state courts have *not* found an abuse of discretion in denying a motion to sever where the jury can "'compartmentalize the evidence' so that evidence of one crime does not taint the jury's consideration of another crime." *United States v. Johnson*, 820 F.2d 1065, 1071 (9th Cir. 1987) (quoting *United States v. Douglass*, 780 F.2d 1472, 1479 (9th Cir. 1986)); *accord United States v. Jawara*, 474 F.3d 565, 581 (9th Cir. 2007); *State v. Bythrow*, 790 P.2d 154, 158 (Wash. 1990); *see also State v. Eguilior*, 137 Idaho 903, 908-09, 55 P.3d 896, 901-02 (Ct. App. 2002) (considering the criminal disposition risk of prejudice and concluding that there was little risk that the jury would confuse and cumulate the evidence because the evidence was separate and distinct).

In this case, we presume that Boehm's breath test results would not have been admissible in the driving without privileges trial, if conducted separately. Nevertheless, we are persuaded that the jury would have been able to compartmentalize the evidence supporting the driving without privileges charge (namely evidence proving that Boehm had knowledge that her driver's license was suspended in Washington), from the evidence supporting the driving under the influence charge (the breath tests results). This is due to the relative simplicity, but also distinct nature, of the issues. Moreover, the magistrate indicated that it would provide the jury with an instruction to consider the counts separately, and we presume that a jury follows jury instructions. *Eguilior*, 137 Idaho at 909, 55 P.3d 896, 902 (considering Eguilior's argument that the jury would have used his bad character against him and finding no abuse of discretion, relying in part on the fact that the district court instructed the jury to consider the counts separately). Because of the relative simplicity of the issues and because we are persuaded that the jury would have been able to compartmentalize the issues, in conjunction with the jury instruction, we conclude that the district court did not err by affirming the magistrate's denial of Boehm's motion to sever. *See Johnson*, 820 F.2d at 1071 ("[I]n light of the relative simplicity of the issues and the straightforward manner of presentation, we conclude that the district court did not abuse its discretion in denying the defendant's motion to sever the offenses.").

**B.      The Prosecutor's Response to the Motion to Compel**

While in discovery, Boehm served a written request upon the prosecutor for certain items, as permitted under Idaho Criminal Rule 16(b). Boehm later filed a motion to compel,

alleging that seven items had not been turned over to her.[2] The prosecutor filed a response addressing each of the items listed by Boehm. Relevant to this appeal, the prosecutor explained what he had provided and explained that he had informed Boehm's attorney that additional information could be obtained by making an appointment with the prosecutor. The prosecutor also explained that he had referred Boehm to the Kootenai County Sheriff for certain items requested by Boehm (presumably, because the breath testing apparatus maintained at the Kootenai County Public Safety Building is owned and maintained by the Kootenai County Sheriff).[3]

At the hearing on the motion to compel, Boehm's attorney contended that the prosecutor had an ethical and constitutionally imposed duty to turn over the documents and argued that the prosecutor's response led to Boehm not receiving effective assistance of counsel. The magistrate denied the motion to compel, finding that the prosecutor had complied with I.C.R. 16 and reasoning that several of the requested items were not within the prosecutor's possession or control. Boehm appealed to the district court, arguing that the magistrate erred by not finding that the prosecutor had violated Boehm's constitutional rights by refusing to seek out and turn over the items requested. The district court affirmed without explanation.

---

[2] The seven items were (1) a copy of any record relating to the breath testing experience of the officer who performed the breath tests on Boehm; (2) a copy of the manual governing the administration of breath tests utilized by the Kootenai County Public Safety Building; (3) the dates and nature of repairs or maintenance on the breath testing machine used to test Boehm's breath from the date of testing Boehm's breath to the date of trial; (4) the dates and nature of maintenance on the breath testing machine used to test Boehm's breath in the three months prior to the testing on Boehm; (5) the number of times that the breath testing machine used to test Boehm's breath had been tested to determine its ability to detect "interferants"; (6) a copy of any repair or maintenance log kept with regard to the machine that was used to test Boehm's breath; and (7) the curriculum vitae and intended testimony of expert witnesses the prosecutor planned to call at trial.

[3] For item (1), the prosecutor explained that he had provided this information to the public defender's office prior to Boehm's arrest and that the public defender could make an appointment to inspect the various certificates and training experience of the officer. For item (2), the prosecutor noted that he referred Boehm to a manual on the Idaho State Police website. For items (3), (5), and (6), the prosecutor explained additional information could be obtained from the Kootenai County Sheriff. For item (4), the prosecutor recalled that he had provided a log. Additionally, for item (3), the prosecutor explained that he would supplement his discovery with a log sheet. Finally, for the seventh item, the prosecutor explained that the curriculum vitae of any experts were available for inspection.

On appeal, Boehm reiterates that the magistrate erred by not finding that the prosecutor had violated Boehm's right to due process by not seeking out evidence and by refusing to provide copies of the items requested to Boehm. Boehm also argues that the prosecutor violated her right to effective assistance of counsel by not providing copies of the documents requested. The State argues that the prosecutor complied with I.C.R. 16, and thus provided the requisite due process.

### 1. Standard of review

Boehm raises questions of law, over which we exercise free review. *State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990).

### 2. Due process

The prosecutor does not have a general duty to collect evidence. *State v. Bryant*, 127 Idaho 24, 28, 896 P.2d 350, 354 (Ct. App. 1995). Nor is there a "constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case." *Moore v. Illinois*, 408 U.S. 786, 795 (1972); *accord United States v. Bagley*, 473 U.S. 667, 675 (1985) ("[T]he prosecutor is not required to deliver his entire file to defense counsel."). Due process, though, requires that the prosecutor disclose to the defendant all material exculpatory evidence known to the prosecutor or in his possession.[4] *State v. Lewis*, 144 Idaho 64, 66-67, 156 P.3d 565, 567-68 (2007); *see also State v. Gardner*, 126 Idaho 428, 433, 885 P.2d 1144, 1149 (Ct. App. 1994) (explaining that the duty under *Brady v. Maryland*, 373 U.S. 83 (1963) is an obligation of not just the individual prosecutor assigned to the case, but of all the government agents having a significant role in investigating and prosecuting the offense). The duty to disclose material exculpatory evidence is also found in I.C.R. 16(a). *Gardner*, 126 Idaho at 432, 885 P.2d at 1148 (noting that I.C.R. 16(a) is in tandem with this constitutional obligation stemming from the Due Process Clause). Idaho Criminal Rule 16 also provides that the defendant may request that the prosecution disclose other items. *See* I.C.R. 16(b). Relevant to this appeal, the prosecutor may satisfy the requirements of I.C.R. 16(b) with respect to documents, papers, tangible objects, and reports of examinations and tests by

---

[4] Exculpatory evidence includes impeachment evidence, *Giglio v. United States*, 405 U.S. 150, 154 (1972), but "the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant," *United States v. Ruiz*, 536 U.S. 622, 633 (2002).

7

"permit[ting] the defendant to inspect and copy or photograph" the items. I.C.R. 16(b)(4) & 16(b)(5).

In this case, Boehm has not alleged that the prosecutor withheld material exculpatory evidence known to the prosecutor, which would violate due process, nor has she alleged that the prosecutor failed to comply with I.C.R. 16. Rather, Boehm argues that the prosecutor's response that referred her to set up an appointment with the prosecutor or referred her to other offices denied her due process. Yet, due process does *not* require that the prosecutor turn all evidence over to the defendant, but only requires the disclosure of evidence that is known to the prosecutor and that is material and exculpatory. It is a court rule, I.C.R. 16(b), which permits the defendant to request access to documents that are not covered by due process, and thus it is a court rule that provides the broader protections and procedure that Boehm complains about. Again, because Boehm does not contend that the prosecutor failed to disclose known material and exculpatory evidence, and because the prosecutor does not have a general duty to collect evidence, Boehm has not asserted a due process violation. Accordingly, neither the district court nor magistrate erred by not finding a due process violation or a violation of Rule 16(b).

### 3. Effective assistance of counsel

Boehm also includes a statement in her brief that "it is a violation of the defendant's right to effective assistance of counsel . . . for the state to refuse to provide copies of the documents requested in this case." Boehm has not presented a cogent argument, backed by authority and citations to the record, in support of this contention, and we will not consider this issue on appeal. *See State v. Li*, 131 Idaho 126, 129, 952 P.2d 1262, 1265 (Ct. App. 1998) ("Claims not supported by cogent argument or citations of authority will not be reviewed on appeal . . . and Li has waived these issues since either authority, argument or both are lacking on each issue.").

### C. Motion in Limine

Boehm filed a motion in limine, contending that evidence of the breath test results must be excluded. Boehm asserted that I.C. § 18-8004(4) mandates that alcohol concentration testing be done in accordance with methods approved by the Idaho State Police and that the Idaho State Police's Standard Operating Procedures for breath alcohol testing were not promulgated as required under the Idaho Administrative Procedure Act. Thus, Boehm contended that the Idaho State Police had not complied with the requirements of I.C. § 18-8004(4) and had not provided proper rules by which the reliability of breath testing could be established.

8

At the hearing, the magistrate denied the motion in limine, but explained that it was actually deferring its ruling:

> What I'm holding is you filed a motion in limine seeking to--a pretrial ruling on the admissibility of certain evidence, the breath test results and the evaluations here.
>
> And I'm exercising my discretion in declining to rule in advance of trial, because I want to see what the trial evidence would be regarding the foundations that may be presented on those issues by the State. They may have an expert witness come in, or not, I don't know, who will come in and explain everything to a T, or they may not. I haven't a clue at this point as to what the State may or may not present as far as an evidentiary foundation.
>
> And at that point, we're in a much better position, based on whatever the record is in front of the court, to issue a ruling on the admissibility or lack thereof, of these breath test results.
>
> Sometimes these motion in limines I can grant them. This is not one, I don't think, I could grant without having both sides have the ability to present their evidence at trial regarding the admissibility and preserve those arguments at trial.

The district court determined that the issue relating to the motion in limine was not preserved for appeal, reasoning that the magistrate had, in effect, deferred ruling on the motion.

On appeal, Boehm contends that the district court and the magistrate should have addressed the issue raised in the motion in limine, but argues that this Court may review and decide the issue presented in the motion in limine. The State responds that the magistrate properly denied the motion in limine pending the introduction of evidence at trial. The State further argues that even if this Court were to address the issue raised in the motion in limine, Boehm would not prevail.

### 1.      Standard of review

We review decisions on a motion in limine for an abuse of discretion. *State v. Richardson*, 156 Idaho 524, 527, 328 P.3d 504, 507 (2014).

### 2.      Deferral

When considering a motion in limine, a trial court may "decide that it is inappropriate to rule in advance on the admissibility of evidence based on a motion in limine" and "may defer [its] ruling until the case unfolds and there is a better record upon which to make [its] decision." *State v. Hester*, 114 Idaho 688, 700, 760 P.2d 27, 39 (1988). Here, the magistrate, although it stated that it was denying the motion, explained that it was deferring its ruling until trial because it was uncertain what other evidence the State would offer for foundation. *See id.* at 699-700,

9

760 P.2d at 38-39 ("It is often difficult, and sometimes impossible, for the trial judge to make a proper ruling without the benefit of all the other evidence admitted at trial."). The magistrate had the discretion to defer ruling until trial, and thus we cannot say that the district court erred by affirming the magistrate's deferment of a ruling on the motion in limine.[5]

Boehm, however, argues that the magistrate should have addressed the issue and excluded the evidence, citing *Johnson v. Emerson*, 103 Idaho 350, 647 P.2d 806 (Ct. App. 1982). In *Johnson*, this Court considered an appeal involving a civil tort action. Johnson contended that the trial court erred by not granting her motion in limine concerning evidence of a prior accident. This Court held, as a matter of law, that the plaintiff's prior accidents were not admissible in a tort action and remarked that a motion in limine excluding reference to such accidents should be granted, unless the defendant shows that the accidents can be connected to the injuries claimed. *Id.* at 354, 647 P.2d at 810. This Court further explained that on remand, "if a similar motion in limine is made before a new trial, it should be granted unless the requisite showing is made." *Id.* Of course, *Johnson* is factually and procedurally different than Boehm's appeal, but *Johnson* recognized that certain motions in limine may be decided at the pretrial stage, where a trial judge may make an informed ruling on the admissibility of evidence--this was especially the case in *Johnson* where the appellate court had already made a decision as a matter of law, prior to remand, to exclude the evidence at issue. Nonetheless, *Hester* confirmed that magistrates have the discretion to defer ruling on a motion in limine until trial so that they may make a ruling based upon the evidence offered at trial. For this reason, we cannot say that the magistrate abused its discretion in this case. Given this conclusion, we need not address the merits of the motion, as the merits were not preserved for appeal.

**D.      Motion to Withdraw the Conditional Guilty Plea**

Prior to sentencing, Boehm moved the magistrate to withdraw her conditional guilty plea. In the motion, Boehm explained that "her attorney failed to realize that Idaho's statutory implied consent scheme violated her federal constitutional right to be free from warrantless searches." In support of her contention, Boehm cited to *McNeely*, which was decided after she entered her guilty plea. The magistrate denied the motion, finding that Boehm had not presented a just

---

[5]      Even though it may have been better practice for the magistrate to state that it was deferring its ruling until trial, rather than using the word "denying," we are persuaded that the magistrate's decision was the equivalent of the deferral permitted in *State v. Hester*, 114 Idaho 688, 760 P.2d 27 (1988).

reason for withdrawing the plea. The magistrate explained that *McNeely* was factually different from Boehm's case and also commented that Boehm could have argued that the implied consent statutes violated her Fourth Amendment rights prior to the entry of the guilty plea. The district court affirmed, similarly noting that *McNeely* and Boehm's case were factually distinguishable.

On appeal, Boehm argues that *McNeely* changed Fourth Amendment jurisprudence such that the opinion affected the validity of Idaho's warrantless breath testing scheme, especially Idaho's implied consent statute. The State counters that the issuance of *McNeely* did not provide a just reason for withdrawing the plea. The State further asserts that Idaho's implied consent statute would withstand scrutiny.

### 1. Standard of review

The decision to grant a motion to withdraw a guilty plea is left to the sound discretion of the trial court. *State v. Arthur*, 145 Idaho 219, 222, 177 P.3d 966, 969 (2008). On appeal, we review the denial of such a motion to determine whether the trial court exercised sound judicial discretion as distinguished from arbitrary action. *Id.*

### 2. Just reason

In a motion to withdraw a guilty plea prior to sentencing, a defendant must demonstrate a just reason for withdrawing the plea. I.C.R. 33(c); *Arthur*, 145 Idaho at 222, 177 P.3d at 969. A constitutional defect in the plea is not necessary in order to show a just reason. *State v. Stone*, 147 Idaho 330, 333, 208 P.3d 734, 737 (Ct. App. 2009). We have previously explained that a just reason is "a plausible reason to justify the withdrawal." *State v. Rose*, 122 Idaho 555, 559, 835 P.2d 1366, 1370 (Ct. App. 1992).

Underlying this issue is Boehm's contention that a post-plea, but presentence change in Supreme Court precedent that impacted Fourth Amendment jurisprudence may provide a just reason for withdrawing a plea. The State does not dispute this general proposition, and Boehm's argument has some support. *See United States v. Mays*, 593 F.3d 603, 607 (7th Cir. 2010) ("There is some authority for the proposition that a post-guilty plea, pre-sentence change in Supreme Court precedent that bears on a defendant's legal innocence may constitute a fair and just reason for permitting the withdrawal of the plea.") (citing *United States v. Ortega-Ascanio*, 376 F.3d 879 (9th Cir. 2004); *United States v. Presley*, 478 F.2d 163, 167-68 (5th Cir. 1973)).

Even so, we are not persuaded that the issuance of *McNeely* provided a just reason for Boehm to withdraw her guilty plea. In *McNeely*, the question presented was "whether the

11

natural metabolization of alcohol in the bloodstream presents a per se exigency that justifies an exception to the Fourth Amendment's warrant requirement for nonconsensual blood testing in all drunk-driving cases." *McNeely*, ___ U.S. at ___, 133 S. Ct. at 1556. The United States Supreme Court held "that in drunk-driving investigations, the natural dissipation of alcohol in the bloodstream does not constitute an exigency in every case sufficient to justify conducting a blood test without a warrant." *Id.* at ___, 133 S. Ct. at 1568. The United States Supreme Court did not directly address implied consent statutes, although referencing the fact that all fifty states had adopted such statutes. *See id.* at ___, 133 S. Ct. at 1566; *see also State v. Arrotta*, 157 Idaho 773, 774, 339 P.3d 1177, 1178 (2014) ("In [*McNeely*], the United States Supreme Court did not address whether implied consent could be withdrawn, undoubtedly because the Missouri Supreme Court did not address the State's arguments based upon its implied consent law."). Even though subsequent Idaho Supreme Court cases have analyzed implied consent after the issuance of *McNeely* and the grant of the petition for a writ of certiorari in *Aviles v. Texas*, ___ U.S. ___, 134 S. Ct. 902 (2014), *McNeely*, by itself, did not analyze implied consent.[6] Because *McNeely* did not directly address the issue that would have been raised by Boehm concerning implied consent, had she been permitted to withdraw her guilty plea, we are not persuaded that the issuance of *McNeely* provided a just reason for withdrawing Boehm's guilty plea.

---

[6] Even the impact of the Idaho Supreme Court opinions on Idaho's implied consent statute is uncertain. Indeed, it is unknown whether Idaho's implied consent statute can ever provide an exception to the warrant requirement *or* whether the law is still valid *until* the defendant objects or refuses consent. In *State v. Wulff*, 157 Idaho 416, 423, 337 P.3d 575, 582 (2014), the Court concluded that "the district court properly concluded that Idaho's implied consent statute was not a valid exception to the warrant requirement," recognizing that "Idaho's implied consent statute operated as a per se exception," and thus it "does not fall under the consent exception to the Fourth Amendment of the United States Constitution."

However, approximately a month after *Wulff*, the Court decided *State v. Halseth*, 157 Idaho 643, 339 P.3d 368 (2014), another case involving Idaho's implied consent statute. The Court in *Halseth*, without citing to or even referring to *Wulff*, held that "an implied consent statute such as Washington's and Idaho's does not justify a warrantless blood draw from a driver who *refuses to consent*, as did Aviles, or *objects to the blood draw*, as did Defendant in this case." *Halseth*, 157 Idaho at 646, 339 P.3d at 371 (emphasis added).

Further, adding to the question is a case released about two weeks after *Halseth*. In *State v. Arrotta*, 157 Idaho 773, 774, 339 P.3d 1177, 1178 (2014), the Court cited to *Wulff* and *Halseth* for the proposition that "a suspect can withdraw his or her statutorily implied consent to a test for the presence of alcohol."

12

Accordingly, the district court correctly affirmed the magistrate's decision to deny the motion to withdraw the conditional guilty plea.

## IV.
## CONCLUSION

The district court correctly affirmed the magistrate's decisions denying the motion to sever and motion to withdraw the guilty plea. The district court also correctly determined that the issue concerning the motion in limine was not properly preserved for appeal because the magistrate had appropriately exercised its discretion in deferring ruling on the motion in limine until trial. Finally, neither the district court nor magistrate erred by not finding a due process violation, as there was no due process violation in the prosecutor's response to Boehm's discovery request. Accordingly, the district court's order affirming the decisions of the magistrate is affirmed.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.