IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42109

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 585 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 6, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MICHAEL J. CULLEY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County. Hon. Thomas J. Ryan, District Judge.

Judgment of conviction and sentence for second degree murder, affirmed.

Sara B. Thomas, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Michael J. Culley appeals from his judgment of conviction after he pled guilty to second degree murder. On appeal, he contends that the district court abused its discretion by denying his motion to withdraw his guilty plea. He also argues that his sentence is excessive. For the reasons that follow, we affirm.

I.

FACTS AND PROCEDURE

This appeal arises out of the homicide of Elizabeth "Libby" Baune (the victim). At the time of her death, the victim was living in a house with her cousin (Culley's mother), Culley, and the victim's boyfriend. One night in November 2012, Culley's mother discovered the body of the victim on the floor of a room with a knife sticking out of her head. An autopsy later revealed that the victim had twenty-nine stab wounds, including eleven wounds in her head. Two days

1

after the homicide, police arrested Culley, and Culley implicated himself and a co-defendant in the death of the victim.[1] According to Culley's statements to the police, Culley and his co-defendant entered the house to steal money or financial transaction cards from the victim in order to acquire methamphetamine.

Culley was charged by indictment with first degree murder, grand theft by receiving or possessing stolen property, and burglary. As part of a plea agreement, the State later filed an amended indictment charging Culley with second degree murder, grand theft, and burglary. At the change of plea hearing, the State acknowledged that it had agreed to dismiss the grand theft and burglary counts, and Culley pled guilty to second degree murder. At that hearing, Culley provided a factual basis for the plea. He explained that he and his co-defendant went over to the house where the victim was staying to rob the victim. According to Culley, as he and the co-defendant were sneaking into the house, the victim woke up and yelled at the co-defendant. The co-defendant yelled back and stabbed the victim. The co-defendant then handed Culley the knife and said, "You're either with me or you're not with me." Culley then stabbed the victim, recalling that he stabbed her in the back and chest. But according to a letter Culley later wrote to his grandfather, he also "drove the knife into her brain so she would not suffer."

Months after the presentence investigation report was prepared, but prior to sentencing, Culley filed an Idaho Criminal Rule 33 motion to withdraw his guilty plea. Culley included an affidavit with his motion and later filed another affidavit explaining why he was seeking to withdraw his plea. According to Culley, he was threatened with injury by an inmate and was actually struck by an inmate worker. Further, Culley explained that his medication had changed and that he was remembering more facts of the crime such that the facts would show he was not guilty. The district court conducted a hearing on this motion, hearing testimony from the Payette County jail commander and a psychologist who had visited with Culley after his guilty plea. The district court issued a memorandum decision denying the motion to withdraw the guilty plea, finding that Culley had not shown a just reason for withdrawing the plea. The case proceeded to

---

[1]    Culley also initially implicated the co-defendant's uncle in the homicide, but it appears that the co-defendant's uncle was not involved in the crime.

2

sentencing, where Cully was sentenced to a unified life sentence, with forty-five years determinate.[2]  Culley appeals.

## II.

## ANALYSIS

On appeal, Culley argues that the district court abused its discretion by denying his motion to withdraw his guilty plea.  Specifically, Culley contends that he provided just reason for withdrawing his plea because his plea was not entered into knowingly, voluntarily, and intelligently due to threats.  Culley also asserts that he provided just reason for withdrawing his plea because of a change in medication.

In a motion to withdraw a guilty plea prior to sentencing, a defendant must demonstrate a just reason for withdrawing the plea.  I.C.R. 33(c); *State v. Arthur*, 145 Idaho 219, 222, 177 P.3d 966, 969 (2008).  We have previously explained that a just reason is "a plausible reason to justify the withdrawal."  *State v. Rose*, 122 Idaho 555, 559, 835 P.2d 1366, 1370 (Ct. App. 1992).  The decision to grant a motion to withdraw a guilty plea is left to the sound discretion of the trial court.  *State v. Boehm*, 158 Idaho 294, 302, 346 P.3d 311, 319 (Ct. App. 2015).  In considering whether to grant the motion, the trial court may "temper its liberality by weighing the defendant's apparent motive" if the defendant has learned the content of the presentence report or has received other information about the probable sentence.  *State v. Mayer*, 139 Idaho 643, 647, 84 P.3d 579, 583 (Ct. App. 2004).

Because the trial court must exercise discretion in deciding whether to grant a motion to withdraw a guilty plea, we review the trial court's decision for an abuse of discretion.  *Boehm*, 158 Idaho at 302-03, 346 P.3d at 319-20.  When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine:  (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason.  *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Culley asserts that his guilty plea was not knowingly, voluntarily, and intelligently entered because Culley was threatened by other inmates.  According to Culley's affidavits,

---

[2]    Culley's co-defendant also received a unified life sentence, with forty-five years determinate.

3

another jail inmate threatened that Culley would suffer physical harm if he testified against the co-defendant and did not take a plea deal. Additionally, Culley explained that an inmate worker struck him while he was in jail, causing a laceration and breaking Culley's glasses. The district court found the first assertion not credible and then determined that the evidence as to the inmate worker incident did not support a finding that the incident was related to this case.

As for the alleged threat by an inmate, the jail commander confirmed that the inmate who allegedly threatened Culley was in the same cell as Culley's co-defendant, but the jail commander testified that the inmate went to prison more than five months prior to Culley's guilty plea. Thus, as the district court appropriately determined, "[i]t is hard to believe that any threat made by [the inmate] over five months earlier continued to haunt [Culley]." Moreover, Culley's co-defendant pled guilty more than a month before Culley did, and therefore the condition precedent to the threat--that Culley testify against his co-defendant--would never occur. As for the incident involving the inmate worker, the district court correctly found that Culley did not present any evidence that linked the incident to his guilty plea. Incidentally, the jail commander testified that it was his opinion, based on a video of the incident, that Culley "aggressed" the inmate worker, provoking the inmate worker to hit Culley. Thus, the alleged threats (and actual violence) did not provide just reason to withdraw the guilty plea.

Culley also explained in his affidavits that since he entered his guilty plea, his medications have changed and now he remembers more facts of the case that he believes will show that he is not guilty of the crimes charged. After a psychologist testified concerning the psychologist's visits with Culley, the district court determined that the evidence did not show that the medication Culley was taking impacted his ability to enter a knowing, intelligent, and voluntary plea.

Here, the psychologist testified that in meetings prior to the change of medication, Culley's thinking was logical and coherent. But after the change in medication,[3] the psychologist detailed that even though Culley had an improved memory component, he at times expressed "delusional or magical sort of thinking," noting further that Culley's thought processes "were not linear, they were not analytical." The district court's factual finding, that Culley's mental condition is less coherent after the change of medicine, is supported by substantial

---

[3] The psychologist was unaware of what medicine Culley was on the day of his guilty plea, because the psychologist did not meet with Culley until after the guilty plea had been entered.

4

evidence in the record. Moreover, the district court also correctly concluded that the evidence did not support a conclusion that the medicine Culley was taking on the day of his guilty plea had any impact on his ability to enter a knowing, intelligent, and voluntary guilty plea. Finally, Culley did not present any evidence that would have contradicted his testimony at the guilty plea hearing concerning the factual basis he provided. Thus, Culley did not provide a just reason for withdrawing his plea due to his change in medication.

Culley also contends that his sentence for second degree murder is excessive; he was sentenced to a unified life sentence with forty-five years determinate. A defendant convicted of second degree murder must be sentenced to a unified sentence of ten years or more, and may be sentenced to a unified life sentence. Idaho Code § 18-4004. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). The issue before this Court is not whether the sentence is one that we would have imposed, but whether the sentence is plainly excessive under any reasonable view of the facts. *Toohill*, 103 Idaho at 568, 650 P.2d at 710. If reasonable minds might differ as to whether the sentence is excessive, we are not free to substitute our view for that of the district court. *Id.* Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

### III.
### CONCLUSION

The district court exercised sound judicial discretion in considering Culley's motion to withdraw his guilty plea, and the court did not abuse its discretion by denying Culley's motion. Culley's asserted reasons for withdrawing the guilty plea did not amount to just reason. Finally, Culley's sentence is not excessive, and hence does not amount to an abuse of discretion. Therefore, Culley's judgment of conviction and sentence are affirmed.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.

5