**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47832**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 2, 2022** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| RANDALL CHARLES DOYLE, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Benewah County. Hon. Scott Wayman, District Judge.

Judgment of conviction for unlawful possession of a firearm, <u>affirmed</u>.

Phelps & Associates, PS; Douglas D. Phelps, Spokane, Washington, for appellant. Douglas D. Phelps argued.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent. Kacey L. Jones argued.

_____

GRATTON, Judge

Randall Charles Doyle appeals from the judgment of conviction for unlawful possession of a firearm, Idaho Code § 18-3316(1). Doyle argues he acquired the firearm for self-defense, which justified his possession. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Doyle shot a man who had burst into his trailer with a weapon and with whom he had a history. Law enforcement later discovered that Doyle was a convicted felon who had not had his right to possess a firearm restored. The State charged Doyle with unlawful possession of a firearm.[1] Following a bench trial, the district court made the following factual findings on the

_____

[1] The State also charged Doyle with aggravated battery, but the magistrate court dismissed that charge at the preliminary hearing.

1

record. Doyle acquired his grandfather's .357 caliber pistol the day before the shooting incident. Doyle wanted the pistol for his protection against Colten Schell. Schell had threatened Doyle by suggesting Doyle would be harmed in a hunting accident. Prior to the shooting, Schell had been near Doyle's trailer, brandishing a firearm, and challenging Doyle to a fight. Doyle confronted Schell outside his trailer and a physical fight ensued. The fight ended and Doyle and Schell parted ways. Later in the day, Schell reappeared and forcibly entered Doyle's trailer with a weapon. In response, Doyle grabbed the .357 caliber pistol and shot Schell leaving him incapacitated. Doyle then left his trailer to summon help.

During the bench trial, Doyle argued that he was protected from prosecution pursuant to I.C. § 19-202A; that his right to possess the weapon and protect himself was protected by the United States and Idaho Constitutions; and that his actions, under the circumstances, satisfied the defenses of necessity and self-defense. The district court found the State proved beyond a reasonable doubt that Doyle was a felon in unlawful possession of a firearm.

The district court determined that the statutory right to self-defense provided in I.C. § 19-202A applies to persons who are defending themselves on charges of violent crimes as opposed to nonviolent offenses, so I.C. § 19-202A did not apply to Doyle's unlawful possession of a firearm charge. The district court stated that an absurd result would occur if the statute were to be applied as broadly as argued by Doyle because it would effectively preclude prosecution for unlawful possession of a firearm by a felon under I.C. § 18-3316(1).

The district court found that prohibitions on the possession of firearms by felons did not violate the United States Constitution or the Idaho Constitution based upon United States Supreme Court precedent in *District of Columbia v. Heller*, 554 U.S. 570, 626-27 (2008) and this Court's decision in *State v. Cheatham*, 159 Idaho 856, 859, 367 P.3d 251, 254 (Ct. App. 2016).

The district court determined that a necessity defense could be raised for the charge of unlawful possession, but found Doyle was not in imminent harm or threat of harm when he acquired the pistol.[2] Additionally, the district court determined Doyle could have prevented the threatened harm by a less-offensive alternative. Therefore, Doyle's defense of necessity failed.

---

[2] The district court also determined that Idaho common law self-defense could be applied, but found Doyle was not in imminent danger of death or great bodily harm at the time of possession. Doyle does not specifically challenge the finding relative to self-defense, except as it may be subsumed in the Idaho Code § 19-202A analysis.

Consequently, the district court found the State met its burden of proving beyond a reasonable doubt that the possession of the firearm was not justified in Doyle's case. Doyle timely appeals.

## II.

## STANDARD OF REVIEW

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id.* Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). "This Court has defined 'substantial evidence as such relevant evidence as a reasonable mind might accept to support a conclusion; it is more than a scintilla, but less than a preponderance.'" *State v. Watts*, 142 Idaho 230, 234, 127 P.3d 133, 137 (2005) (*quoting Evans v. Hara's, Inc.*, 123 Idaho 473, 478, 849 P.2d 934, 939 (1993). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution.

*Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001. Over questions of law, we exercise free review. *State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990).

### III.

### ANALYSIS

Doyle argues that the district court misinterpreted and misapplied I.C. § 19-202A. Doyle also asserts that his prosecution violates the United States and Idaho Constitutions, and under the circumstances of this case, the defense of necessity justified his actions. We hold that the district court's judgment is supported by the evidence presented at trial and the applicable law.

### A.   Application of Idaho Code § 19-202A

Doyle argues that the district court unduly limited the scope of the self-defense protection embodied in I.C. § 19-202A, which provides, in part: "No person in this state shall be placed in legal jeopardy of any kind whatsoever for protecting himself or his family by reasonable means necessary." In essence, Doyle argues that this statute provides blanket immunity from prosecution of any kind when a person acts in self-defense to protect himself and his home. Doyle acknowledges that I.C. § 18-3316(1) provides for prosecution of felons unlawfully in possession of a firearm. He does not contest that he is a felon whose rights to possess a firearm have not been restored. Instead, he asserts that "he possessed a firearm which was used to protect himself" and that I.C. § 19-202A grants "a very specific exception for a felon to possess a firearm" when acting in defense of self or home. Consequently, he contends that the district court erred in "limiting" the term "legal jeopardy" in I.C. § 19-202A to "protecting the defending citizens only from crimes of violence" and finding it inapplicable to a non-violent charge of unlawful possession.

In response, the State contends that I.C. § 19-202A applies only when force is used or threatened in response to an imminent threat or ongoing offense; it does not protect against legal jeopardy for criminal actions taken before any such threat has arisen or after such threat has passed. The State's argument is consistent with our prior decision in *State v. Arrasmith*, 132 Idaho 33, 40, 966 P.2d 33, 40 (Ct. App. 1998).

In *Arrasmith*, this Court held that I.C. § 19-202A does not preclude "legal jeopardy" where the defendant claimed to be defending someone for a completed crime against that person in the past. If the statute's protections do not extend to crimes committed after the imminent need for defense, the same protections do not extend to crimes committed before any imminent threat and

I.C. § 19-202A does not apply. The district court repeatedly found that Doyle was in possession of the firearm prior shooting Schell:

> And there's no question that he knowingly possessed a firearm, a .357 pistol.
>
> And there's really no question that when he was in possession of the firearm, the defendant previously had been convicted of a felony offense. None of his rights had been restored. He hadn't been pardoned. There hadn't been any commutation or anything like that. And the felony conviction in Exhibit 3 certainly demonstrates that he had been convicted beyond a reasonable doubt of that felony.
>
> . . . .
>
> In this case, the defendant took possession of the firearm the day before the incident took place.
>
> . . . .
>
> [T]he defendant took possession of the firearm the day before this incident took place. At the time the defendant took possession of the firearm, I don't find that he was in imminent danger of death or great bodily harm at the time he took possession.
>
> . . . .
>
> The Court is looking at this at the time the defendant took possession of the firearm. And that is what we're talking about.

Furthermore, Doyle does not dispute that his possession of the firearm occurred prior to the incident. Doyle testified during the bench trial that he "borrowed" the gun "the day before the incident." In this regard, the undisputed fact that Doyle possessed the firearm for nearly a day before any imminent threat arose demonstrates that Doyle completed the crime of unlawful possession of a firearm well before his use of that firearm in self-defense and, thus, I.C. § 19-202A affords no protection.

Doyle effectively argues that I.C. § 19-202A grants immunity for unlawful possession of a firearm even when circumstances that may give rise to a self-defense claim do not exist. Notably, Doyle fails to articulate how possessing the firearm for a day prior to his use of that firearm is distinguishable from a felon possessing a firearm for an extended period, such as a month, prior to the use of that firearm. Nor does Doyle distinguish between his circumstances and a felon who unlawfully possesses a firearm despite never needing to use it in self-defense. Doyle seems to suggest that because he needed, and in fact, used the firearm in self-defense, that retroactively forgives his criminal conduct of possessing the firearm in the first place. We disagree that I.C. § 19-202A immunizes criminal conduct that occurred prior to the need for self-defense. Consequently, it is dispositive that Doyle possessed the firearm before his self-defense claim arose. Nonetheless, this Court will also address the parties' other arguments.

5

The State also argues that I.C. § 19-202A is inapplicable because it protects an individual from legal jeopardy arising from the use or threatened use of force in protecting one's self, another, or dwelling, business, or vehicle; it does not extend protection to the general unlawful possession of a firearm. We agree. The protection against legal jeopardy under the statute is for actual self-defensive actions as is evident from the statute's use of the terms "protecting," "exercise," "use" of force, "threat" to use force, and "attempted use" of force. The State did not charge Doyle with any of those actions and only charged him with the unlawful possession of a firearm, not its use. Further, as the State points out, I.C. § 18-3316(1) makes no express exception for the possession of a firearm in a felon's home or for the purpose of self-defense and that I.C. § 19-202A provides no express exception for a felon's unlawful possession of a firearm.

**B.      Constitutional Violation**

Doyle argues that the district court failed to fully consider his Second Amendment right and Idaho constitutional right to possess a firearm in protection of his home and self. Doyle asserts that he has a constitutional right to protect his life and property, through use of a firearm, and that this constitutional right should have been used to interpret the scope of the protection in I.C. § 19-202A. Doyle first points to the Second Amendment's right to bear arms, made applicable to the states through the Fourteenth Amendment, and claims "[t]he private citizen has a constitutional right to possess a firearm in his home for self-defense." Next, Doyle points to Article I § 1 of the Idaho Constitution which provides: "All men are by nature free and equal, and have certain inalienable rights, among which are enjoying and defending life and liberty; acquiring, possessing and protecting property; pursuing happiness and securing safety." Further, Article I § 11 provides: "The people have the right to keep and bear arms." From this, Doyle asserts: "The right to keep and bear arms is *intimately related* to the right to defend life and liberty." (Emphasis added.) Consequently, he claims the district court, in interpreting and giving meaning to I.C. § 19-202A (particularly the term "legal jeopardy"), failed to give full consideration to these rights where Doyle was defending himself and his home, by reasonable means, including use of a firearm.

Doyle does not directly challenge the constitutionality of I.C. § 18-3316(1). Article I § 11 of the Idaho Constitution expressly provides that the right to keep and bear arms shall not prevent the passage of legislation providing penalties for the possession of firearms by a convicted felon. Thus, I.C. § 18-3316(1), which criminalizes possession of a firearm by a convicted felon, is constitutional. Furthermore, this Court found in *Cheatham* that "the United States Supreme Court

6

has recognized that 'longstanding prohibitions on the possession of firearms by felons' do not violate the United States Constitution." *Cheatham*, 159 Idaho at 859, 367 P.3d at 254 (quoting *Heller*, 554 U.S. at 626). Because Doyle is a convicted felon, denying him the right to possess a firearm does not violate either the United States or Idaho Constitutions.

Aside from his assertions regarding proper interpretation of I.C. § 19-202A, Doyle appears to argue that these constitutional rights preclude his conviction for unlawful possession of a firearm when he used that firearm to protect himself and his home. Doyle has presented no authority for the claim that a felon, constitutionally precluded from possessing a firearm, may nonetheless do so in his home for self-defense. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Moreover, as noted above, Doyle unlawfully possessed a firearm before any self-defense situation arose.

Instead, Doyle argues that his constitutional rights to protect life and property are "intimately related" to the right to bear arms and the district court "failed to give full consideration" to these rights in interpreting I.C. § 19-202A. First, as noted above, the scope and application of I.C. § 19-202A, even in consideration of I.C. § 18-3316(1), is plain and, therefore, interpretation, even with a constitutional overlay, is unnecessary. Second, the claim of an intimate relationship of rights fails to present a cognizable argument as to what "full consideration" should have been given by the district court. This Court will not address issues on appeal for which cogent argument, backed by authority and citation to the record is lacking. *State v. Boehm*, 158 Idaho 294, 301, 346 P.3d 311, 318 (Ct. App. 2015).

While not clearly presented as such by Doyle, to the extent he is asserting an "as applied" constitutional challenge, Doyle's argument fails. A party may challenge a statute as unconstitutional 'on its face' or 'as applied' to the party's conduct. *State v. Sherman*, 156 Idaho 435, 438, 327 P.3d 993, 996 (Ct. App. 2014) (quoting *American Falls Reservoir Dist. No. 2 v. Idaho Dep't of Water Res.*, 143 Idaho 862, 870, 154 P.3d 433, 441(2007)). To prove a statute is unconstitutional as applied, the party challenging the constitutionality of the statute must demonstrate that the statute, as applied to the defendant's conduct, is unconstitutional. *State v. Cook*, 146 Idaho 261, 262, 192 P.3d 1085, 1086 (Ct. App. 2008). As already discussed above, prohibition on the possession of firearms by felons does not violate either the United States Constitution or the Idaho Constitution. Doyle has failed to show how that constitutional analysis

7

is different in the circumstance of a felon possessing a firearm and when a felon possess a firearm ostensibly for the purpose of self-defense. Doyle's constitutional argument is without merit.

## C.     Necessity Defense

Doyle claims that the district court erred in rejecting his necessity defense "under the facts of this case." The district court determined that necessity could be a defense and looked to the elements of necessity set forth in Idaho Criminal Jury Instruction No. 1512: (1) a specific threat of immediate harm to the defendant; (2) the defendant did not bring about the circumstances that created the threat of immediate harm; (3) the defendant could not have prevented the threatened harm by any less-offensive alternative; and (4) the harm caused by violating the law was less than the threatened harm. *See State v. Frank*, 168 Idaho 248, 251, 482 P.3d 1105, 1108 (Ct. App. 2020). The district court found that the first and third elements had not been satisfied as there was no specific threat of immediate harm when Doyle took possession of the firearm and Doyle could have prevented the threatened harm by a less-offensive alternative, such as contacting law enforcement or others.

Doyle contends that the district court erred by considering the applicability of the necessity defense at the time he took possession of the firearm. He argues "[t]he necessity defense should be evaluated based upon the circumstances that were present at the time the gun possession was discovered by law enforcement leading to the criminal charges Mr. Randall Doyle confronts and not some earlier possession." Doyle deems it important that he kept the firearm on the same property he was forced to defend and claims, under this circumstance, the district court "failed to consider the interaction of I.C. § 19-202A in deciding this case and the interaction of self-defense with the necessity defense."

Doyle provides no authority for the contention that the necessity defense should be evaluated upon the circumstances existing when the gun possession was discovered by law enforcement, as opposed to any other time illegal possession could be proven. Nor does he cite any authority for the proposition that keeping the firearm on the same property he was forced to defend relates to a necessity defense. A party waives an issue on appeal if either authority or argument is lacking. *Zichko*, 129 Idaho at 263, 923 P.2d at 970. In addition, Doyle fails to present any cogent argument, supported by authority and citation to the record, as to how it is that the district court was to consider the interaction of I.C. § 19-202A with self-defense and necessity. *Boehm*, 158 Idaho at 301, 346 P.3d at 318.

Finally, substantial evidence demonstrates that there was no specific threat of immediate harm to Doyle when he originally took possession of the firearm. Doyle was not under an immediate threat of harm when he acquired the firearm the day before he used it to shoot Schell. The possibility of harm at an indeterminate date in the future, is insufficient to satisfy the specific threat of immediate harm element required for a necessity defense. *State v. Howley*, 128 Idaho 874, 879, 920 P.2d 391, 396 (1996). Substantial evidence also supports the district court's finding that Doyle could have prevented the threatened harm by a less-offensive alternative such as contacting law enforcement or seeking help from his grandfather or mother rather than by obtaining a firearm.

## III.

## CONCLUSION

Doyle's prosecution for unlawful possession of a firearm did not violate either the United States or the State of Idaho Constitutions. Substantial and competent evidence supports the district court's findings and judgment that Doyle unlawfully possessed a firearm. Accordingly, Doyle's judgment of conviction for unlawful possession of a firearm is affirmed.

Chief Judge LORELLO and Judge BRAILSFORD **CONCUR**.