**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50714**

| | |
|---|---|
| STATE OF IDAHO,<br><br>   **Plaintiff-Respondent,**<br><br>v.<br><br>**DAROLD STRICKLIN,**<br><br>   **Defendant-Appellant.** | )<br>) **Filed:  August 27, 2024**<br>)<br>) **Melanie Gagnepain, Clerk**<br>)<br>) **THIS IS AN UNPUBLISHED**<br>) **OPINION AND SHALL NOT**<br>) **BE CITED AS AUTHORITY**<br>)<br>)<br>) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County.  Hon. Darren B. Simpson, District Judge.

Judgment of conviction for felony driving under the influence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

TRIBE, Judge

Darold Stricklin appeals from his judgment of conviction for felony driving under the influence (DUI).  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Officer Pentrack received a report of a suspicious vehicle at an apartment complex.  The report stated that the occupants exited the vehicle and knocked on an apartment window.  The report provided a partial license plate number.  Officer Pentrack arrived at the scene and observed a vehicle matching the description provided by the reporting party drive past another officer and onto the street.  Officer Pentrack followed the vehicle and observed the driver use an improper turn signal.  Officer Pentrack performed a traffic stop.

1

Officer Pentrack testified that he stopped the vehicle for use of an improper turn signal and because the vehicle "got called in for being suspicious." After Officer Pentrack requested Stricklin's license, vehicle registration and insurance, Stricklin said his license was suspended for "DUI." Officer Pentrack asked Stricklin to exit the vehicle, searched him for weapons, and asked him if he had anything to drink. Stricklin said he had three drinks. He refused to participate in standard field sobriety tests. Stricklin was arrested for DUI. After initially resisting, Stricklin was also arrested for resisting and obstructing an officer. Officer Pentrack obtained a warrant for a blood draw, which showed Stricklin's blood alcohol content was .186.

Stricklin was charged with misdemeanor DUI. The State amended the charge to felony DUI based on Stricklin's two prior convictions for DUI. Stricklin was also charged with driving with a suspended license and resisting and obstructing an officer. Stricklin moved to suppress the evidence and statements obtained during the traffic stop. The officer's bodycam footage was admitted at the suppression hearing. The district court denied the motion to suppress. Pursuant to a plea agreement, Stricklin pled guilty to felony DUI, reserving his right to appeal the denial of the motion to suppress. Idaho Code § 18-8005(6). Stricklin appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Stricklin argues that the district court erred in denying his motion to suppress because Officer Pentrack improperly extended the traffic stop without reasonable suspicion that Stricklin was driving under the influence. The State argues that it was reasonable for Officer Pentrack to

prolong the traffic stop for the purpose of investigating the possible crime of driving under the influence.

As a preliminary matter, Stricklin makes a conclusory assertion, but fails to provide cogent argument, that the factors considered by the district court and the totality of the circumstances do not rise to the level of articulable suspicion that he committed the crime of driving under the influence. Claims must be supported by cogent argument and backed by authority and citation to the record. Idaho Appellate Rule 35(a)(6); *State v. Boehm*, 158 Idaho 294, 301, 346 P.3d 311, 318 (Ct. App. 2015). Consequently, we decline to consider Stricklin's argument on the merits, but even if we did, he has failed to meet his burden of showing the district court erred in denying his motion to suppress due to Officer Pentrack prolonging the traffic stop to investigate Stricklin for DUI.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999).

In the context of traffic stops, authority for the seizure ends when the tasks related to the infraction are, or reasonably should have been, completed. *Illinois v. Caballes*, 543 U.S. 405, 407 (2005). Such tasks include ordinary inquiries incident to the traffic stop such as checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance. *Rodriguez v. United States*, 575 U.S. 348, 355 (2015). An officer inquiring into matters unrelated to the justification for the traffic stop do not convert the encounter into an unlawful seizure so long as the inquiries do not measurably extend the duration of the stop. *Arizona v. Johnson*, 555 U.S. 323, 333 (2009).

However, should the officer abandon the process of the stop, the officer no longer has the original reasonable suspicion supporting his or her actions. *State v. Linze,* 161 Idaho 605, 609,

3

389 P.3d 150, 154 (2016). Rather, a traffic stop may be extended if officers develop reasonable suspicion of some unrelated criminal offense during the course of effectuating the stops mission. *State v. Hale*, 168 Idaho 863, 868, 489 P.3d 450, 455 (2021). Therefore, the officer has initiated a new seizure which requires its own reasonable suspicion or probable cause to justify the seizure's new purpose. *Linze*, 161 Idaho at 609, 389 P.3d at 154. Justifications for detentions are not fixed at the moment of a traffic stop. *State v. Wigginton*, 142 Idaho 180, 183, 125 P.3d 536, 539 (Ct. App. 2005).

Stricklin does not argue that Officer Pentrack did not have reasonable suspicion for the traffic stop; therefore, we need not consider whether the initial stop was reasonable. Instead, Stricklin argues that, when Officer Pentrack asked how much Stricklin had to drink, the officer abandoned the original purpose of the stop and it turned into an investigation for driving under the influence. Stricklin concludes that Officer Pentrack did not possess reasonable suspicion for the new investigatory purpose of the stop. The district court found that, based on the information known to Officer Pentrack at the time, he had reasonable suspicion to investigate Stricklin for driving under the influence.

Reasonable suspicion must be based on specific, articulable facts and the rational inferences that can be drawn from those facts. *See State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). The quantity and quality of information necessary to establish reasonable suspicion is less than that necessary to establish probable cause. *Alabama v. White*, 496 U.S. 325, 330 (1990). Still, reasonable suspicion requires more than a mere hunch or "inchoate and unparticularized suspicion." *Id*. at 329 (quoting *United States v. Sokolow*, 490 U.S. 1, 7, (1989)). Whether an officer possessed reasonable suspicion is evaluated based on the totality of the circumstances known to the officer at or before the time of the stop. *Cortez*, 449 U.S. at 417-18; *Sheldon,* 139 Idaho at 983, 88 P.3d at 1223.

We have previously held that an officer detecting the odor of alcohol and glassy, bloodshot eyes and unzipped pants was sufficient reasonable suspicion that a driver was under the influence of alcohol. *State v. Islas*, 165 Idaho 260, 272, 443 P.3d 274, 286 (Ct. App. 2019). Similarly, here Officer Pentrack testified that, when he approached Stricklin, Officer Pentrack noted the odor of alcohol, glassy bloodshot eyes, and slow speech. Further, Stricklin admitted that his driver's license was suspended for DUI. Finally, Officer Pentrack had knowledge of the report for

4

Stricklin's suspicious behavior and witnessed Stricklin commit a traffic infraction. The totality of the circumstances available to Officer Pentrack at the moment he began the DUI investigation include his observations of Stricklin's driving, the officer's observations upon approaching the car, Stricklin's admission that his license was suspended for a prior conviction of DUI, and his vehicle being a match for the report of a suspicious vehicle. All of these, taken together and when viewed in the totality of circumstances, provide reasonable suspicion to justify prolonging the traffic stop for the purpose of investigating the crime of driving under the influence.

## IV.

## CONCLUSION

The district court did not err in finding that Officer Pentrack had reasonable suspicion to prolong the traffic stop to investigate Stricklin for driving under the influence. Stricklin has failed to meet his burden to show that the district court erred in denying his motion to suppress evidence obtained during the traffic stop. Accordingly, Stricklin's judgment of conviction for felony DUI is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.