**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 41632-2013**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Boise, November 2014 Term** |
| Plaintiff-Appellant, | ) | |
| | ) | **2014 Opinion No. 137** |
| v. | ) | |
| | ) | **Filed: December 18, 2014** |
| DEREK MICHAEL ARROTTA, | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District of the State of Idaho, in and for Latah County. Hon. John R. Stegner, District Judge, and Hon. John C. Judge, Magistrate Judge.

The ruling of the district court is <u>affirmed</u>.

Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant.

Douglas D. Phelps, Phelps & Associates, Spokane, Washington, for respondent.

---

EISMANN, Justice.

This is an appeal out of Latah County from a decision of the district court upholding an order of the magistrate court suppressing the results of a test for the alcohol concentration in a sample of the defendant's blood obtained by a warrantless, nonconsensual blood draw. We affirm the ruling of the district court.

**I.**
**Factual Background.**

At about 1:54 a.m., on December 8, 2012, Derek Michael Arrotta (Defendant) was stopped by an Idaho State Police officer for a traffic infraction. While interacting with Defendant, the officer detected a strong odor of an alcoholic beverage and noticed that Defendant's eyes were bloodshot and his speech slurred. The officer had Defendant perform field sobriety tests, which indicated that Defendant was under the influence of alcohol. The

officer prepared the equipment to have Defendant take a breath test, but he refused. The officer then arrested Defendant and transported him to a local hospital where a sample of Defendant's blood was drawn to be tested for alcohol concentration. At 3:14 a.m., the trooper issued Defendant a citation for driving while under the influence of alcohol, a misdemeanor.

Defendant filed a motion to suppress "based on violations of the defendant's right to be free from unreasonable search and seizure, right to remain silent, right to counsel, and related constitutional protections under the State of Idaho Constitution and the United States Constitution," but the motion did not identify what evidence he wanted to suppress or how his rights were allegedly violated. The parties agreed to postpone the matter until the United States Supreme Court decided *Missouri v. McNeely*, No. 11-1425.

After the Supreme Court issued its opinion in *McNeely*, the magistrate court held an evidentiary hearing on the motion to suppress. The trooper testified to the events and stated that he did not recall telling Defendant that he did not have a right to refuse the blood test. However, he also testified that he told Defendant that if he refused the breath test, the trooper would get a blood draw. Defendant testified that he refused the breath test, but not the blood test. He testified that at the hospital he asked if he could refuse the blood test, "but they pretty much said no." When asked if the trooper told Defendant he could not refuse the blood draw, Defendant answered, "Yeah, something to that extent."

The magistrate court did not resolve the factual dispute regarding whether Defendant was told that he could not refuse the blood draw. Rather, it held that statutory implied consent was insufficient by itself to constitute consent to a search in the form of a blood draw; that express consent was required. Based upon that holding, the court granted Defendant's motion and issued an order suppressing the blood test results.

The State appealed to the district court. The State's opening brief is not in the record on appeal, but the State apparently argued the Defendant could not revoke his implied consent to the blood draw. The district court affirmed the suppression order, holding that statutory implied consent to a blood draw is revocable. The State then appealed to this Court.

## II.
## Did the District Court Err in Holding that Statutory Implied Consent Is Revocable?

2

After stopping Defendant for a traffic violation, the trooper developed probable cause to believe that Defendant was driving while under the influence of alcohol. Pursuant to Idaho Code section 18-8002, he was deemed to have given his consent to evidentiary testing for the presence of alcohol, including testing by obtaining a sample of his blood.[1] The sole issue in this appeal is whether, as a matter of law, implied consent can be withdrawn.[2]

In *Missouri v. McNeely*, 569 U.S. ___, 133 S.Ct. 1552 (2013), the United States Supreme Court did not address whether implied consent could be withdrawn, undoubtedly because the Missouri Supreme Court did not address the State's arguments based upon its implied consent law. *State v. McNeely*, 358 S.W.3d 65, 75 n.9 (Mo. 2012). However, this Court has held that a suspect can withdraw his or her statutorily implied consent to a test for the presence of alcohol. *State v. Halseth*, No. 41169–2013, 2014 WL 6756312, at *4 (Idaho 2014); *State v. Wulff*, ___ Idaho ___, 337 P.3d 575 (2014). Therefore, the district court did not err in holding that the consent could be withdrawn.

### III.
### Conclusion.

We affirm the ruling of the district court that the statutory consent to testing for alcohol concentration pursuant to Idaho Code section 18-8002 can be withdrawn by the suspect.

---

[1] Idaho Code section 18-8002(1) states:

> Any person who drives or is in actual physical control of a motor vehicle in this state shall be deemed to have given his consent to evidentiary testing for concentration of alcohol as defined in section 18-8004, Idaho Code, and to have given his consent to evidentiary testing for the presence of drugs or other intoxicating substances, provided that such testing is administered at the request of a peace officer having reasonable grounds to believe that person has been driving or in actual physical control of a motor vehicle in violation of the provisions of section 18-8004, Idaho Code, or section 18-8006, Idaho Code.

Evidentiary testing for concentration of alcohol, as defined in Idaho Code section 18-8004, means testing of the person's blood, breath, or urine. I.C. § 18-8004.

[2] There is no contention that the trooper was required to inform Defendant that he had a right to withdraw his implied consent. *See United States v. Drayton*, 536 U.S. 194, 206 (2002) ("The Court has rejected in specific terms the suggestion that police officers must always inform citizens of their right to refuse when seeking permission to conduct a warrantless consent search"); *Ohio v. Robinette*, 519 U.S. 33, 39-40 (1996) (It would "be unrealistic to require police officers to always inform detainees that they are free to go before a consent to search may be deemed voluntary"); *Schneckloth v. Bustamonte*, 412 U.S. 218, 243 (1973) ("[I]t would be next to impossible to apply to a consent search the standard of 'an intentional relinquishment or abandonment of a known right or privilege'").

Chief Justice BURDICK, Justices J. JONES, HORTON and Senior Justice Pro Tem WALTERS **CONCUR.**