Judge LANSING,
Specially Concurring.
I join in all parts of the foregoing opinion, but as to Section 11(B)(1) I write separately to address the viability of statutory implied consent to satisfy constitutional protections against warrantless searches. I join in Section 11(b)(1) because it adheres to precedents of the Idaho Supreme Court, including State v. Wulff, 157 Idaho 416, 337 P.3d 575 (2014). In that opinion, the Supreme Court held that warrantless blood draws conducted under Idaho’s implied consent statute would qualify as voluntary if: (1) drivers give their initial consent voluntarily and (2) drivers continue to give voluntary consent. Id. at 423, 337 P.3d at 582. The Court went on to say that “drivers in Idaho give their initial consent to evidentiary testing by driving on Idaho roads voluntarily.” Id. Two subsequent decisions, State v. Halseth, 157 Idaho 643, 339 P.3d 368 (2014) and State v. Arrotta, 157 Idaho 773, 339 P.3d 1177 (2014), appear to adhere to that holding that the implied consent framed by I.C. § 18-8002(1) constitutes voluntary consent and satisfies constitutional safeguards against warrantless searches unless the implied consent has been withdrawn. Were I not obligated to adhere to those mandatory precedents, I would hold the “implied consent” imposed by I.C. § 18-8002(1) does not constitute consent that will serve as an exception to the prohibitions against warrantless searches and seizures found in the Fourth Amendment to the United States Constitution and Article I, Section 17 of the Idaho Constitution.
In my view, the consent exception requires actual consent from the person seized or searched. While that consent may be verbal or conveyed by gestures or other conduct, it must be actual consent. United States v. Corona-Chavez, 328 F.3d 974, 978 (8th Cir. 2003) (“Consent may be express or implied, but in either case, there must be actual consent.”); State v. Smith, 144 Idaho 482, 488, 163 P.3d 1194, 1200 (2007) (holding acquiescence is not “voluntary consent”); State v. Hansen, 138 Idaho 791, 796, 69 P.3d 1052, 1057 (2003) (holding that consent acts as an exception to the warrant requirement only when “voluntarily granted by someone with authority”); State v. Kapelle, 158 Idaho 121, 128, 344 P.3d 901, 908 (Ct.App.2014) (“Consent to search may be in the form of words, gestures, or conduct.”). The “implied consent” constructed by I.C. § 18-8002(1) involves no actual consent at all; the so-called consent is entirely fictitious. No driver is actually asked to consent to alcohol concentration testing before he or she undertakes to drive in Idaho. The implied consent is a legal fiction created by statute which, in my *29 opinion, cannot trump constitutional guarantees against warrantless intrusions on one’s person or liberty. A legislative body may not simply legislate away constitutional rights.
It may not offend the Fourth Amendment for state laws like I.C. § 18-8002(4) to impose a civil penalty, such as suspension of driving privileges, if a driver who is suspected of intoxication refuses to submit to an alcohol concentration test. See Missouri v. McNeely, — U.S. —, —, 133 S.Ct. 1552, 1566-67, 185 L.Ed.2d 696, 712-14 (2013) (discussing statutory implied consent schemes that impose administrative penalties for refusal of an alcohol concentration test and that allow admission of a defendant’s refusal into evidence); South Dakota v. Neville, 459 U.S. 553, 554, 103 S.Ct. 916, 917-18, 74 L.Ed.2d 748, 753 (1983) (holding that implied consent schemes that allow the State to admit a refusal to submit to testing into evidence do not violate the Fifth Amendment); State v. Declerck, 49 Kan.App.2d 908, 317 P.3d 794, 803 (2014) (accepting the proposition that the implied consent statute compels a person to choose between giving actual consent or submitting to administrative penalties, but rejecting the view that implied consent amounts to an exception to the warrant requirement); State v. Padley, 354 Wis.2d 545, 849 N.W.2d 867, 876 (Wis.Ct.App.2014) (stating that “a proper implied consent law authorizes law enforcement to present drivers with a difficult, but permissible, choice between consent or penalties for violating the implied consent law” and rejecting the view that implied consent amounts to an exception to the warrant requirement). Civil penalties for refusal provide a powerful incentive for drivers to actually consent to a test. That the driver is thereby presented’ with a difficult choice may not necessarily render the consent involuntary for, “the criminal process, like the rest of the legal system, is replete with situations requiring ‘the making of difficult judgments’ as to which course to follow.” McGautha v. California, 402 U.S. 183, 213, 91 S.Ct. 1454, 1470, 28 L.Ed.2d 711, 729-30 (1971) (quoting McMann v. Richardson, 397 U.S. 759, 769, 90 S.Ct. 1441, 1448, 25 L.Ed.2d 763, 772 (1970)), vacated on other grounds by Crampton v. Ohio, 408 U.S. 941, 92 S.Ct. 2873, 33 L.Ed.2d 765 (1972); see also McKune v. Lile, 536 U.S. 24, 41, 122 S.Ct. 2017, 2028-29, 153 L.Ed.2d 47, 62 (2002); United States v. Mezzanatto, 513 U.S. 196, 210, 115 S.Ct. 797, 805-06, 130 L.Ed.2d 697, 709-10 (1995) (the “difficult choices” inherent in the plea bargaining process do not necessarily result in coercion); Smith, 144 Idaho at 488, 163 P.3d at 1200 (presenting a defendant with lawful options, even undesirable ones, does not render a consent involuntary). This does not mean, however, that consent may be fictitiously deemed to have been given in advance by every person who drives in Idaho and that constitutional standards are satisfied by this imaginary consent. In my view, when no actual consent is expressed, orally or otherwise, to a request for submission to an alcohol concentration test, then there is no consent that will satisfy the Fourth Amendment or the Idaho Constitution.
Like Idaho, many states have adopted some version of an implied consent statute that imposes penalties for refusal to submit to alcohol concentration testing at the reasonable request of an officer, but my research has revealed no other jurisdiction where, at least after the United States Supreme Court’s decision in McNeely, — U.S. —, 133 S.Ct. 1552, 185 L.Ed.2d 696 (2013), the fictitious implied consent was held to satisfy the Fourth Amendment for purposes of a blood draw.[1] The Idaho Supreme Court *30 has taken a different view, however, and therefore I concur in this Court’s opinion here.

. See, e.g., State v. Butler, 232 Ariz. 84, 302 P.3d 609, 613 (2013); People v. Schaufele, 325 P.3d 1060, 1065-66 (Colo.2014); Flonnory v. State, 109 A.3d 1060, 1065 (Del.2015); Williams v. State, 167 So.3d 483 (Fla.2015); People v. Gaede, 386 Ill.Dec. 488, 20 N.E.3d 1266, 1270 (Ill.App.Ct.2014); State v. Declerck, 49 Kan.App.2d 908, 317 P.3d 794, 803-04 (2014); State v. Fierro, 853 N.W.2d 235, 243 (S.D.2014); Sutherland v. State, 436 S.W.3d 28, 38, 41 (Tex.Ct.App.2014); Weems v. State, 434 S.W.3d 655, 665 (Tex.Ct.App.2014) rev. pending; State v. Padley, 354 Wis.2d 545, 849 N.W.2d 867, 879 (Wis.Ct.App.2014). In State v. Won, 134 Hawai'i 59, 332 P.3d 661 (Haw.Ct.App.2014), rev. pending, the court rejected a Fourth Amendment challenge to Hawaii's implied consent statute as applied to a breath test. However, the Hawaiian statute differs significantly from I.C. § 18-8002(1) in that it provides that, except in circumstances not applicable in Won, if the driver refuses to submit to breath, blood, or *30 urine testing, "none shall be given.” Id. at 666. The Hawaiian statutory scheme "protects the •driver from being physically forced to undergo testing, but imposes sanctions on the driver’s exercise of that option.” Id. at 681. It thereby differs from Idaho's statute, under which Smith was physically forced to undergo a blood test. In Won, the defendant acquiesced and actively participated in a breath test, thereby giving a form of actual consent. Therefore, the statute, as applied in Won, does not rely upon fictitious implied consent. Moreover, the Hawaiian court emphasized that because Won chose to take a breath test, "we only address the constitutionality of [the statute] as it applies to breath tests under the implied consent statutory scheme" in a typical DUI case. Id. at 679. The Won decision leaves unresolved whether Hawaii's implied consent statute would be found compliant with the Fourth Amendment in a case where the defendant was subjected to a blood draw without his actual consent.