**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45751**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 22, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| KENNETH RICHARD ROSE, JR., | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard Christensen; Hon. John P. Luster, District Judges.

Judgment of conviction for aggravated driving under the influence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Kenneth Richard Rose, Jr., appeals from the judgment of conviction entered on his conditional guilty plea for felony aggravated driving under the influence (DUI), Idaho Code § 18-8006. Specifically, he asserts the district court erred in denying his motion to suppress the results of a warrantless blood draw. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Based on the parties' stipulated facts, the district court found the following facts in its decision denying Rose's suppression motion:

> On July 1, 2016, Detective Mumford was dispatched to Clagstone Road near Custer Street in reference to a two car collision. The drivers of the two vehicles were transported to Kootenai Medical Center because of the severity of their injuries. At some unknown point in time, Detective Mumford was told by an unknown person or persons that Rose had been drinking alcohol. When near

1

Rose, Detective Mumford smelled the odor of alcohol coming from his person. He requested medical staff draw Rose's blood, without a warrant, because he feared a blood draw after his imminent surgery would not accurately reflect his level of intoxication at the time of the traffic collision. Then a registered nurse employed with Kootenai Medical Center, drew Rose's blood.

Prior to the blood draw, Rose's pants were removed and placed into an opaque plastic bag, not at the direction of law enforcement. Medical staff informed Detective Mumford that Rose's pants contained marijuana; he then reached into the right front pocket of Rose's pants and seized it.

As a result of these events, the State charged Rose with felony aggravated DUI and misdemeanor possession of marijuana. Rose moved to suppress both the evidence obtained from the warrantless blood draw and also the marijuana. After a hearing, the district court issued a written decision denying in part and granting in part Rose's motion. Specifically, the court granted Rose's motion to suppress the marijuana found in his pants at the hospital but denied his motion to suppress the results of the warrantless blood draw. Regarding this latter ruling, the court cited *Sims v. State*, 159 Idaho 249, 358 P.3d 810 (Ct. App. 2015), and concluded it was bound under *stare decisis* to rule that Rose had impliedly consented to the warrantless blood draw under I.C. § 18-8002.

Following this ruling, Rose pled guilty conditionally to DUI, reserved his right to appeal the district court's denial of his motion to suppress, and appealed that denial. Thereafter, however, Rose moved to suspend his appeal pending the resolution of *State v. Pool*, 166 Idaho 238, 457 P.3d 890 (2020), which raised the issue of whether the State can rely on implied consent under I.C. § 18-8002 for a warrantless blood draw. The Supreme Court granted Rose's motion, suspended his appeal, and has now ruled in *Pool*. Accordingly, we address Rose's timely appeal.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*,

2

127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

At issue is whether Rose impliedly consented under I.C. § 18-8002 to a warrantless blood draw because he did not affirmatively revoke his consent. The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and, therefore, violate the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). Requiring a person to submit to a warrantless blood draw for evidentiary purposes is a search and seizure under the Fourth Amendment. *State v. Eversole*, 160 Idaho 239, 242, 371 P.3d 293, 296 (2016). The warrant requirement, however, does not apply if the person who is subjected to the warrantless blood draw has consented. *Id.* Idaho Code Section 18-8002 impliedly provides such consent stating, in relevant part, that "any person who drives or is in actual physical control of a motor vehicle in this state shall be deemed to have given his consent to evidentiary testing for concentration of alcohol [and] for the presence of drugs or other intoxicating substances." I.C. § 18-8002(1).

The Idaho Supreme Court has repeatedly held that a driver's statutorily implied consent under I.C. § 18-8002(1) remains valid unless affirmatively revoked. *See, e.g.*, *State v. Charlson*, 160 Idaho 610, 616-67, 377 P.3d 1073, 1079-80 (2016) (noting driver consents to evidentiary testing by driving on Idaho roads voluntarily but may withdraw implied consent); *State v. Rios*, 160 Idaho 262, 265-66, 371 P.3d 316, 319-20 (2016) ("Under Idaho law, a driver's implied consent continues if it is not revoked before the time of evidentiary testing."); *Eversole*, 160 Idaho at 243, 371 P.3d at 297 ("Idaho's implied consent statute makes clear that a defendant is deemed to give implied consent to *evidentiary testing* for alcohol concentration."). Rose acknowledges he did not revoke his implied consent under these authorities but asks the Court to overrule these cases and to hold that implied consent does not satisfy the consent exception to the warrant requirement but, rather, the State must demonstrate actual consent.

The Idaho Supreme Court, however, has recently declined again in *Pool* to rule that the State must demonstrate a driver's actual consent to satisfy the exception to the warrant requirement for purposes of evidentiary testing for alcohol concentration and the presence of drugs or other intoxicating substances. *Pool*, 166 Idaho at 245, 457 P.3d at 897. In *Pool*, the

3

Court discussed its prior decisions, including *Charlson*, *Rios* and *Eversole*, and expressly declined to overrule these cases stating, "This Court has repeatedly rejected the notion that actual consent is the *only* way to demonstrate consent for Fourth Amendment purposes, and we find no compelling reason to overturn our controlling precedent in that regard." *Pool*, 166 Idaho at 245, 457 P.3d at 897.[1] The Court held that "absent evidence that a defendant has affirmatively withdrawn his or her consent, implied consent for warrantless blood draws remains a valid exception to the Fourth Amendment warrant requirement, unless or until the legislature changes Idaho's implied consent laws or the U.S. Supreme Court provides further guidance." *Id.* at 246, 457 P.3d at 898.

Following *Pool*, Idaho's implied consent law remains the same: A driver in Idaho gives his implied consent under I.C. § 18-8002(1) to evidentiary testing for alcohol concentration or the presence of drugs or other intoxicating substances by voluntarily driving on Idaho roads. *Pool*, 166 Idaho at 244, 457 P.3d at 896. This statutorily implied consent is valid and remains valid until the driver affirmatively withdraws it. *Id.* Absent proof that a driver withdrew his consent to evidentiary testing, "a trial court may, consistent with the concept of *implied* consent, *infer* from the totality of the circumstances that consent to evidentiary testing was voluntary under [I.C. §] 18-8002." *Id.* at 245, 457 P.3d at 897.

As the district court correctly concluded in this case, this Court's decision in *Sims* controls the resolution of whether Rose affirmatively withdrew his implied consent under I.C. § 18-8002. In *Sims*, Sims' vehicle collided with another vehicle while Sims was fleeing the police. *Id.* at 252, 358 P.3d at 813. As a result of this collision, Sims was injured and transported to a hospital for treatment. *Id.* While in the hospital and unconscious, Sims was subjected to a warrantless blood draw to test for alcohol and other intoxicating substances. *Id.* As a result of these events, Sims pled guilty to aggravated DUI. *Id.* Subsequently, he filed a petition for post-conviction relief, alleging his trial counsel provided ineffective assistance of

---

[1] In *Pool*, the Idaho Supreme Court also acknowledged the concurrence and dissent in *State v. Smith*, 159 Idaho 15, 28, 355 P.3d 644, 657 (Ct. App. 2015) (Lansing, J., specially concurring), and *Bobeck v. Idaho Transp. Dep't*, 19 Idaho 539, 546, 363 P.3d 861, 868 (Ct. App. 2015) (Gutierrez, J., dissenting), on which Rose relies to support his argument that the State must demonstrate actual consent to satisfy the exception to the warrant requirement. *Pool*, 166 Idaho at 245, 457 P.3d at 897. The Court noted, however, that its decisions in *Rios* and *Eversole* implicitly rejected the concurrence in *Smith* and the dissent in *Bobeck*. *Pool*, 166 Idaho at 245, 457 P.3d at 897.

4

counsel by failing to move to suppress the results of the warrantless blood draw. *Id.* Affirming the district court's summary dismissal of this claim, this Court ruled:

> Sims impliedly consented to be tested for alcohol by driving a motor vehicle in Idaho. At no point did Sims object to or resist the blood draw. His alleged unconsciousness does not effectively operate as a withdrawal of his consent. Therefore, Sims' statutorily implied consent was effective at the time of the blood draw.

*Id.* at 256-67, 358 P.3d at 817-18.

Just as in *Sims*, Rose's unconsciousness did not operate to withdraw his implied consent under I.C. § 18-8002(1). Rather, the district court correctly ruled that Rose's implied consent to evidentiary testing under I.C. § 18-8002(1) remained valid absent proof that Rose affirmatively withdrew his consent. *See Pool*, 166 Idaho at 245, 457 P.3d at 897 ("[A]bsent proof that a driver later withdrew his consent to testing, a trial court may, consistent with the concept of *implied* consent, *infer* from the totality of the circumstances that consent to evidentiary testing was voluntary under [I.C. §] 18-8002.").

## IV.

## CONCLUSION

We hold that Rose failed to establish he affirmatively withdrew his implied consent under I.C. § 18-8002(1) as required by the applicable, binding legal precedents in Idaho. Accordingly, the blood draw did not violate Rose's Fourth Amendment rights, and we affirm the district court's order denying his motion to suppress the results of the warrantless blood draw and the judgment of conviction.

Judge GRATTON and Judge LORELLO **CONCUR**.