**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42622**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 417** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: March 7, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **BRIAN P. BAILEY,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge; Hon. James Stow, Magistrate.

Decision of the district court on intermediate appeal, affirming the magistrate's denial of motion in limine, motion to suppress, and request for funding, <u>affirmed</u>.

John M. Adams, Kootenai County Public Defender; Jay W. Logsdon, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Judge

Brian P. Bailey appeals from the district court's decision, on intermediate appeal, affirming the magistrate's denial of Bailey's motion in limine to exclude his breath test results, motion to suppress his breath test results, and request for funding an expert witness. Specifically, Bailey maintains his breath test results were inadmissible because the breath test was not conducted in accordance with the law or in a manner that ensured reliability. Additionally, Bailey contends his consent to breath testing was involuntary. For the reasons explained below, we affirm the district court's decision.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 6, 2013, Corporal Lind was dispatched to the scene of a three-vehicle collision. In speaking with Bailey, one of the drivers involved in the collision, Corporal Lind smelled alcohol on Bailey's breath and noticed Bailey's eyes were red and glassy. He also noticed that Bailey had two large wads of gum in his mouth and heard Bailey's slurred speech. Bailey admitted to drinking prior to the collision. Corporal Lind played a recording of the "Notice of Suspension for Failure of Evidentiary Testing" form--otherwise known as the "Administrative License Suspension" (ALS) form--and subsequently conducted a breath test with a Lifeloc FC20 breath alcohol tester. The breath tests yielded a .233, .256, and .235. Corporal Lind arrested Bailey for excessive driving under the influence.

Bailey filed a motion in limine to exclude the breath test results because the Idaho State Police (ISP) failed to establish a method for reliable breath testing, since, among other reasons, its Standard Operating Procedures (SOPs) were not promulgated in compliance with the Idaho Administrative Procedure Act (IDAPA). Additionally, Bailey filed a motion with the magistrate to suppress his breath test results. Bailey argued that because the ALS form set forth a list of consequences of not submitting to breath testing, his consent was involuntary and therefore invalid. Bailey also filed a request for funding an expert to challenge the reliability of the Lifeloc FC20. The magistrate denied both motions, as well as the request for funding.

Bailey entered a conditional guilty plea and appealed. After hearing oral arguments, the district court affirmed the magistrate's denial of both the motion in limine and motion to suppress. Regarding the motion in limine, the district court specifically determined that the magistrate did not err in relying on *State v. Besaw*, 155 Idaho 134, 144, 306 P.3d 219, 229 (Ct. App. 2013) to reject Bailey's argument that the SOPs are incapable of yielding accurate results. The district court also determined the magistrate did not err in determining that Bailey's consent was voluntary because the consequences in the ALS form do not amount to coercion. Moreover, the district court affirmed the magistrate's denial of the request for funding an expert because Bailey failed to make the threshold showing required for funding. Bailey again appeals.

## ANALYSIS

When reviewing the decision of a district court sitting in its appellate capacity, our standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, we do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id.*

### A. Motion in Limine

Bailey argues the district court erred in upholding the denial of his motion in limine to exclude the breath test results. We review decisions on a motion in limine for an abuse of discretion. *State v. Richardson*, 156 Idaho 524, 527, 328 P.3d 504, 507 (2014); *State v. Boehm*, 158 Idaho 294, 301, 346 P.3d 311, 318 (Ct. App. 2015). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Bailey specifically argues the breath test results were inadmissible because his breath test samples were not taken in a manner that ensured reliability, the SOPs used by the ISP were not adopted in accordance with the IDAPA, and the SOPs do not guarantee accuracy. Idaho Code § 18-8004(4) provides that "analysis of . . . breath for the purpose of determining alcohol concentration shall be performed . . . by any other method approved by the Idaho state police." The ISP therefore adopted administrative rules setting forth requirements for breath alcohol testing. Pursuant to those rules, breath tests must be administered in accordance with standards issued in the form of analytical methods and standard operating procedures. On January 16,

2013, the ISP issued a document titled "6.0 Idaho Standard Operating Procedure-Breath Alcohol Testing." The January 2013 SOPs are the fourth revision to the SOPs and have since been revised several times. In Bailey's case, the January 2013 SOPs govern because he was arrested for his DUI in July 2013, shortly before the next revision to the SOPs.[1]

A brief history of relevant Idaho case law is helpful. In 1988, this Court held that in order for a blood alcohol test to produce an "extremely reliable" result, it must be the product of a test procedure that is capable of producing an accurate result. *State v. Bell*, 115 Idaho 36, 39, 764 P.2d 113, 116 (Ct. App. 1988). We further held that to admit a blood alcohol test result, the State must provide an adequate foundation consisting of either expert testimony or a showing that the test was administered with applicable test procedures. *Id.* at 39-40, 764 P.2d at 116-17.

More recently, we rejected the notion that the SOPs were incapable of yielding accurate results. *Besaw*, 155 Idaho at 144, 306 P.3d at 229. In that case, the defendant argued that the ISP had not complied with its statutory duty to adopt breath testing standards because it changed a number of former "must" testing requirements to "should" recommendations within the SOPs. *Id.* at 143, 306 P.3d at 228. We based our ruling on *Wheeler v. Idaho Transp. Dep't*, 148 Idaho 378, 384, 223 P.3d 761, 767 (Ct. App. 2009), in which we ruled that "should," as used in the SOPs, is a recommendation, rather than a requirement. *Besaw*, 155 Idaho at 143-44, 306 P.3d at 228-29.

The Idaho Supreme Court has since addressed the 2013 SOPs and declared them void because they were not adopted in compliance with the IDAPA. *State v. Haynes*, 159 Idaho 36, 45, 355 P.3d 1266, 1275 (2015). However, showing that a breath test was administered in conformity with applicable test procedures or expert testimony may suffice to establish an adequate foundation for admissibility. *Id.* The Court ruled, "Therefore, the fact that the 2013 SOPs are void would not have prevented the State from establishing an adequate foundation for the admissibility of the test results." *Id.* Shortly after *Haynes*, the Court held that expert testimony of a forensic scientist and testimony of the arresting officer was sufficient to show that breath test results were admissible. *State v. Riendeau*, 159 Idaho 52, 55-56, 355 P.3d 1282, 1285-86 (2015).

---

[1]    The SOPs have since been promulgated as rules.

Bailey requests that we reverse and remand based on *Besaw* because the SOPs are not capable of producing accurate results.[2] Bailey argues that because the SOPs were not properly promulgated, the trial court could not admit the breath test results. The Idaho Supreme Court has since accepted the holding in *Besaw* and expanded upon its holding. *Haynes*, 159 Idaho at 43-45, 355 P.3d at 1273-75 (permitting the admissibility of void SOPs with a showing that the test was accurate); *Riendeau*, 159 Idaho at 54-55, 355 P.3d at 1284-85 (permitting the admissibility of void SOPs when expert testimony shows that the test results were accurate). The Court ruled in *Haynes* that "'showing that the test was administered in conformity with applicable test procedures or expert testimony may suffice to establish an adequate foundation.' Therefore, the fact that the 2013 SOPs were void would not have prevented the State from establishing an adequate foundation for the admissibility of the test results." *Haynes*, 159 Idaho at 45, 355 P.3d at 1275 (quoting *Dachlet v. State*, 136 Idaho 752, 757, 40 P.3d 110, 115 (2002)). Thus, Bailey is correct that the January 2013 SOPs are void and, as such, no method exists. However, the trial court could still admit the breath test results, despite the 2013 SOPs being void, so long as the State established an adequate foundation. For instance, in *Riendeau*, the Court found that expert testimony from a forensic scientist and testimony from the arresting officer was sufficient to show that the test results were admissible, despite the SOPs being void. *Riendeau*, 159 Idaho at 55, 355 P.3d at 1285.

Here, the arresting officer who conducted Bailey's breath test testified and indicated that he followed the SOPs by waiting fifteen minutes before the second breath test. He testified that he did not wait fifteen minutes before the third breath test. A forensic scientist who leads the blood and breath program for the ISP and drafted the 2013 SOPs also testified that the officer followed SOP. He stated there was no need for a new, separate fifteen-minute waiting period after the second test. Moreover, the forensic scientist testified that the breath test instruments are performance verified within twenty-four hours of an evidentiary breath test. Accordingly, the

---

[2] The State maintains this Court lacks jurisdiction to consider the validity of the SOPs. In both *State v. Haynes*, 159 Idaho 36, 355 P.3d 1266 (2015) and *State v. Riendeau*, 159 Idaho 52, 355 P.3d 1282 (2015), however, the Idaho Supreme Court addressed the validity of the SOPs. The Court declared the 2013 SOPS void because they were not "adopted in substantial compliance with the Act." *Haynes*, 156 Idaho at 45, 355 P.3d at 1275. In *Riendeau*, the Court accepted the holding in *Haynes*. *Riendeau*, 159 Idaho at 55, 355 P.3d at 1285. Thus, although the Court did not directly address jurisdictional issues in *Haynes* or *Riendeau*, the Court implicitly found it had jurisdiction to consider the validity of the SOPs.

record reflects the State established an adequate foundation for admissibility of the breath test results. The district court did not err in upholding the denial of Bailey's motion in limine to exclude the breath test results.

**B.    Motion to Suppress**

Bailey also contends the district court erred in upholding the magistrate's denial of his motion to suppress his breath test results. He reasons that a law providing for various penalties for relying on one's constitutional rights is invalid and so is any consent provided after being warned of those penalties.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996).

The United States and Idaho Constitutions prohibit unreasonable searches and seizures of persons or property.[3] U.S. CONST. amend. IV; IDAHO CONST. art. 1, § 17. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995); *State v. Smith*, 152 Idaho 115, 118, 266 P.3d 1220, 1223 (Ct. App. 2011). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Smith*, 152 Idaho at 118, 266 P.3d at 1223.

Consent, when freely and voluntarily given, is an exception to the warrant requirement. *State v. Smith*, 144 Idaho 482, 488, 163 P.3d 1194, 1200 (2007). The State has the burden of proving, by a preponderance of the evidence, that direct or implied consent was freely and voluntarily given. *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973). An individual's consent is involuntary "if his will has been overborne and his capacity for self-determination critically impaired." *Id.* at 225. Whether consent was granted voluntarily, or was a product of coercion, is a factual determination to be based upon the surrounding circumstances. *Id.* at 229.

Consent may be expressed through words, gestures, or other conduct. *State v. Dominguez*, 137 Idaho 681, 683, 52 P.3d 325, 327 (Ct. App. 2002). When consent is implied

---

[3]    Bailey does not argue the Idaho Constitution affords greater protection, so this Court follows the analysis pursuant to the Fourth Amendment to the United States Constitution.

through conduct, the burden on the State of proving consent is "heaviest." *State v. Staatz*, 132 Idaho 693, 695, 978 P.2d 881, 883 (Ct. App. 1999) (quoting *United States v. Shaibu*, 920 F.2d 1423, 1426 (9th Cir. 1990)).

Once given, consent may also be revoked because "[i]nherent in the requirement that consent be voluntary is the right of the person to withdraw that consent." *State v. Halseth*, 157 Idaho 643, 646, 339 P.3d 368, 371 (2014). Thus, after a defendant has revoked consent, officers no longer may act pursuant to that initial voluntary consent. *State v. Thorpe*, 141 Idaho 151, 154, 106 P.3d 477, 480 (Ct. App. 2004).

Idaho Code § 18-8002 creates implied consent in specific circumstances, providing that all drivers in Idaho impliedly consent to a warrantless blood draw by taking advantage of the privilege of driving on Idaho's roads. Such consent is revocable. *State v. Wulff*, 157 Idaho 416, 423, 337 P.3d 575, 582 (2014).

Bailey argues that when an officer reads or plays a recording of the ALS form, which informs a DUI suspect of the consequences of refusing to take or complete a breath test and of failing a breath test, it frustrates a defendant's ability to revoke implied consent. More specifically, Bailey asserts that the consequences listed within the form "are clearly intended and do coerce citizens into taking a test," and therefore his consent was involuntary. The Idaho Supreme Court recently rejected this argument, however. In *Haynes*, the defendant argued that by being advised of the consequence of refusing to consent to a breath test, the threat of this consequence vitiated her consent. *Id.* at 45, 355 P.3d at 1275. The Court ruled that because both the United States and Idaho Constitutions protect against unreasonable searches, "the issue is whether a request by a peace officer that a person submit to a breath test constitutes an unreasonable search where the officer had reasonable grounds to believe that the person was operating or in actual control of a motor vehicle while under the influence of alcohol." *Id.* The Court concluded, "We hold that it does not." *Id.*

Justice Warren Jones wrote a separate concurrence in *Haynes* to note that "the proper approach . . . is to look whether a previously established exception to the warrant requirement applies (in this case consent)." *Id.* (Jones, W. J. concurring). We agree with this approach. While acknowledging that a reasonableness analysis is still necessary, Justice W. Jones opined that the analysis should take place within the broader context of the consent exception to the warrant requirement. *Id.* The specific issue, then, becomes whether the defendant voluntarily

7

consented to a breath test.  *Id.*  Justice W. Jones wrote that initial implied consent is created by driving on Idaho roads, but that consent must be continued by either giving actual consent or by not objecting or taking steps to withdraw implied consent.  *Id.*  Because the defendant in *Haynes* agreed to take a breath test, and did not object or take steps to withdraw her implied consent, Justice W. Jones agreed with the majority that the defendant gave actual consent.  *Id.* at 48, 355 P.3d at 1278.  The defendant argued that her consent was involuntary "because it was obtained only after she was informed of the administrative penalties and license suspension consequences that would result if she refused the test," but Justice W. Jones described this argument as "unavailing."  *Id.*  He reasoned that consent to an evidentiary test can be voluntary even if given to avoid consequences and the consequences are reasonable conditions attached to the privilege of driving on Idaho roads.  *Id.* at 49, 355 P.3d at 1279.

Here, the record reflects that Bailey gave actual and voluntary consent to the breath test. The probable cause affidavit indicates that Corporal Lind was dispatched to a three-vehicle collision.  Upon speaking with Bailey, Corporal Lind smelled alcohol, noticed that Bailey's eyes were red, heard Bailey's slurred speech, and observed Bailey with two large wads of gum in his mouth.  Moreover, Bailey admitted he drank alcohol before the collision.  Corporal Lind's request that Bailey perform a breath test was therefore reasonable.  Similar to the defendant in *Haynes*, Bailey agreed to take the breath test and did not object or take steps to revoke his implied consent.  Thus, Bailey gave actual and voluntary consent sufficient for the warrantless breath test.

Nevertheless, Bailey maintains the *Haynes* ruling is "incorrect."  Essentially, Bailey asks this Court to reverse the Idaho Supreme Court.  However, this Court lacks the authority to overturn, or even review, a case from the Idaho Supreme Court.  *State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012).  Accordingly, the district court did not err in upholding the magistrate's denial of Bailey's motion to suppress.

## C.     Request for Funding

Lastly, Bailey argues in his opening brief that the district court erred in affirming the magistrate's denial of Bailey's request for funding an expert to challenge the reliability of the Lifeloc FC20, an instrument that measures blood alcohol content.  Because Bailey withdrew this issue in his reply brief, we conduct no further review.

**III.**

**CONCLUSION**

The district court did not err in affirming the magistrate's denial of Bailey's motion in limine to exclude breath test results because the State established an adequate foundation for admissibility.  Furthermore, because Bailey gave actual and voluntary consent to the breath tests, the district court did not err in affirming the magistrate's denial of Bailey's motion to suppress his breath test results.  We therefore affirm the district court's decision.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.